"Wanámakee, J.
The record clearly shows that John Connors’ claim for compensation for injuries, etc., was allowed by the Commission on June 7,1920. The record also clearly discloses that on June 1,1920, the following paper was executed by John Connors:
“June 1st, 1920.
“To the Industrial Commission of Ohio, Columbus, Ohio: In consideration of $512.00 received to my full satisfaction; I hereby sell, assign and transfer to the Hunt & Dorman Manufacturing Company, all my right and title to compensation under claim No. 742331, risk No. 1360.
“John Connors.” [Signed]
The record further discloses that this paper writing was received at the office of the Industrial Commission on June 3, four days prior to the allowance by the Commission.
*141 The writing is what it purports to be, an assignment and transfer of Connors’ right and title to compensation in consideration of $512 advanced to him to relieve his temporary and urgent needs for money in his disabled condition and in contemplation of future allowance to be made by the Commission.
There is no suggestion in the record of any fraud or overreaching on the part of the employer in connection with this transaction, but all the proceedings are, so far as the employer is concerned, characterized by good faith and fair dealing,
The only excuse tendered in behalf of the Commission’s payment of the first two vouchers, aggregating $194.14, to Connors instead of to the relator, is that after the receipt of the assignment on June 3 it was not actually brought to the attention of the Commission, through some delay or carelessness upon the part of some subordinate in checking up, indexing, or filing the assignment in the files pertaining to the John Connors claim; that, in short, such payment of $194.14 was a mistake upon the part of the Commission, but an honest one, and should therefore not be charged to the Commission of the state, but that the Hunt & Dorman Manufaeturing Company should suffer the loss. If a private citizen were in the same situation as the Industrial Commission, no such claim, I venture, would be made.
It is exceedingly difficult to defend a policy that would make the state, its agents and commissions, less liable in the discharge of legal duties than the, liability the state requires of its own citizens.
*142 Why the Hunt & Dorman Manufacturing Company should be called upon to suffer a loss by the delay, failure, and neglect of the Industrial Commission, which it would not be called upon to sustain in the event that the same delay, failure, and neglect had been caused by some private citizen, is difficult to comprehend.
The state immediately recognized the validity of the assignment by remitting to the Hunt & Dorman Manufacturing Company the balance between the total allowed and the $194.14. If a part of the assignment is good, it is all good, and a voucher should be issued by the Industrial Commission in favor of the Hunt & Dorman Manufacturing Company in the amount of $194.14, as prayed for in the petition for mandamus.
Writ allowed.
Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur.